UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: Dagmar Jesus Diaz-Gonzalez | Case No. 2:25-cv-02622-JAD-BNW |
| | **Order Appointing Counsel, Directing Service of 28 U.S.C. § 2241 Petition, and Setting a Briefing Schedule** |
| | [ECF No. 1] |

Petitioner Dagmar Jesus Diaz-Gonzalez, an immigration detainee who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center, has filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241 and requested that counsel be appointed.[1] Following a preliminary review of the petition under the Rules Governing Section 2254 Cases,[2] I first find that Diaz-Gonzalez has not properly commenced this action by either paying the standard $5.00 filing fee or filing a complete application for leave to proceed *in forma pauperis* ("IFP").[3] Second, I find that the petition suffers from a procedural defect; namely, Diaz-Gonzalez has not listed the warden of Nevada Southern Detention Center as a respondent in this action. Third, I find that the appointment of counsel is in the interests of justice, given,

---

[1] ECF No. 1.

[2] I exercise my discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

[3] A $5.00 filing fee is required to initiate a habeas action in a federal district court. 28 U.S.C. § 1914(a). I may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if he or she submits an IFP application on the approved form and includes three documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs; (b) a financial certificate signed by the prisoner and an authorized prison official; and (c) a copy of the prisoner's account statement for the six-month period prior to filing. *See* 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

among other things, the complexities of this case.[4]  Fourth, because the petition establishes a *prima facie* case for relief, I direct that it be served on the United States Attorney's Office for the District of Nevada, given that they will be representing at least one respondent in this matter following the filing of the counseled amended petition.

IT IS THEREFORE ORDERED that the Federal Public Defender for the District of Nevada is appointed to represent Petitioner Dagmar Jesus Diaz-Gonzalez and is directed to file a notice of appearance (or indicate its inability to represent Diaz-Gonzalez) within 7 days of the date of this Order.  If the Federal Public Defender is unable to represent Diaz-Gonzalez, because of a conflict of interest or for any other reason, alternate counsel will be appointed.  Appointed counsel will represent Diaz-Gonzalez in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

IT IS FURTHER ORDERED that if the Federal Public Defender files a notice of appearance in this matter, it will then have 14 days to (1) file a motion to proceed IFP or pay the $5 filing fee on behalf of Diaz-Gonzalez and (2) file an amended petition.  The Federal Public Defender must effectuate service of the amended petition on the respondents.

IT IS FURTHER ORDERED that the Clerk of the Court:

1. **DELIVER** a copy of the petition (ECF No. 1) and this Order to the U.S. Marshal for service.

2. **ADD** the United States Attorney for the District of Nevada and John Mattos to the docket as Interested Parties.

---

[4] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due-process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

    3. **SEND**, through CM/ECF, a copy of the petition (ECF No. 1) and this Order to the United States Attorney's Office for the District of Nevada, at Sigal.Chattah@usdoj.gov, summer.johnson@usdoj.gov, Veronica.criste@usdoj.gov, and caseview.ecf@usdoj.gov, in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

    4. **SEND** a copy of the Petition (ECF No. 1) and this Order to the Federal Public Defender, Diaz-Gonzalez, and the CJA Coordinator for this division.

IT IS FURTHER ORDERED that the U.S. Marshal **SERVE** a copy of the petition (ECF No. 1) and this Order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United State Attorney pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the United States Attorney's Office for the District of Nevada file a notice of appearance within 7 days of the date of this Order and file and serve their answer to the amended petition within 7 days of service of Diaz-Gonzalez's counseled amended petition, unless additional time is allowed for good cause shown.  The respondents must file any documents referenced or relied upon in their responsive pleading with that pleading.[5]  Diaz-Gonzalez will then have 7 days to file a reply.

IT IS FURTHER ORDERED that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible.  Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position

---

[5] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" (citing 28 U.S.C. § 2243)).

regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

      IT IS FURTHER ORDERED that the respondent must not transfer the petitioner out of this district,[6] with the exception of effectuating the petitioner's lawful deportation.

Dated: January 6, 2026

                                                  _____
                                                  U.S. District Judge Jennifer A. Dorsey

---

[6] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

4